IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

- - - - - - - - - - - - - - - x
                    :
In re:                  :    Chapter 11
                    :
AURORA FOODS INC.,      :    Case No. 03-13744 (MFW)
    et al.,            :
                    :    Jointly Administered
             Debtors.   :
                    :    **Related Docket # 10**
- - - - - - - - - - - - - - - x

**ORDER UNDER 11 U.S.C. §§ 105(a),
507(a), AND 549 (I) AUTHORIZING PAYMENT OF PREPETITION
EMPLOYEE OBLIGATIONS, (II) CONFIRMING DEBTORS' AUTHORITY
TO PAY WITHHOLDING AND PAYROLL-RELATED TAXES, AND (III)
DIRECTING ALL BANKS TO HONOR CHECKS FOR PAYMENT OF
PREPETITION EMPLOYEE OBLIGATIONS**

Upon the Debtors' motion dated December 8, 2003
(the "Motion")[1] for entry of an order under 11 U.S.C.
§§ 105(a), 507(a)(3) and (a)(4), and 549 (i) authorizing
the Debtors to pay or otherwise honor various employee-
related prepetition obligations of the Debtors and cer-
tain of their direct and indirect subsidiaries to, or for
the benefit of, their Employees, (ii) confirming the
Debtors' authority to pay withholding and payroll-related

---

[1]    Unless otherwise defined herein, capitalized terms
shall have the meanings ascribed to them in the
Motion.

taxes, and (iii) directing all banks to honor checks for the payment of the Debtors' prepetition employee obligations; and upon the Hutchison Declaration; and the Court having reviewed the Motion and the Hutchison Declaration and having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED AND DECREED THAT:

1.    The Motion is GRANTED.

2.    The Debtors are authorized to pay or otherwise honor the Compensation Obligations, in an amount up to and including $4,650.00 per Employee (unless further authorized by this Court), including but not limited to accrued and unpaid salaries and wages of Employees; provided, however, that independent or agency contractors can be paid up to $130,000 on account of prepetition obligations to compensate workers.  Further-

2

more, the Debtors are authorized to (i) allow Employees to take vacations in the ordinary course and in line with the Debtors' current vacation policy and (ii) pay accrued prepetition vacation to Employees upon termination, up to $200,000.

3.    The Debtors are authorized to pay all amounts due and owing as of the Petition Date for Employee Benefits, including severance pay or other payments due to Employees, up to a total amount of $4,000,000.    Furthermore the Debtors hereby are authorized to reimburse their Employees for Business Expenses up to a cap of $100,000.

4.    The Debtors are authorized to pay any and all withholding taxes, social security taxes, and other payroll taxes (local, state, and federal), whether such taxes relate to the period before or after the Petition Date.

5.    The Debtors are authorized to pay any prepetition claims of the Benefits Administrators arising from the provision of Employee Benefits to Employees.

3

6.    The Debtors are authorized to pay any prepetition claims of their third party Payroll Administrator for payroll-related services rendered.

7.    The banks upon which any checks, drafts, or wire transfers are drawn in payment of the Prepetition Employee Obligations, either before, on, or after the Petition Date, including any checks, drafts, or wire transfers drawn on the manual payroll account (JPMorgan Chase Bank #323-367178) and the medical benefit checks account (JPMorgan Chase Bank #6301486001509), are authorized and directed to honor any checks or drafts issued, upon presentation thereof, or any such wire transfer instructions, upon receipt thereof.  Such banks are authorized and directed to rely on the representations of the Debtors as to which checks, drafts, or wire transfers are in payment of the Prepetition Employee Obligations.

8.    Any party receiving payment from the Debtors is authorized and directed to rely upon the representations of the Debtors as to which payments are authorized by this order.

9.    Neither the provisions of this order, nor any payments made by the Debtors under the Motion or this

4

order, shall be deemed an assumption of any Employee

benefit plan, program, or contract, or otherwise effect

the Debtors' rights under Bankruptcy Code section 365 to

assume or reject any executory contract (including any

severance contract or agreement) between the Debtors and

any Employee.

Dated:   Wilmington, Delaware
         December 9, 2003

                                _____
                                United States Bankruptcy Judge