IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

```
- - - - - - - - - - - - - - -x
                             :
In re:                       :   Chapter 11
                             :
AURORA FOODS INC.,           :   Case No. 03-13744 (MFW)
    et al.,                  :
                             :   Jointly Administered
              Debtors.       :
                             :   Related Docket # 13
- - - - - - - - - - - - - - -x
```

**ORDER UNDER 11 U.S.C. §§ 105(a),
362(b)(3), 546(b), AND 549 AUTHORIZING DEBTORS TO
PAY PREPETITION CLAIMS IN SATISFACTION OF PERFECTED
OR POTENTIAL MECHANICS', MATERIALMEN'S, OR OTHER LIKE
LIENS OR INTERESTS IN THE ORDINARY COURSE OF BUSINESS**

Upon the Debtors' motion dated December 8, 2003 (the "Motion")[1] for entry of an order under 11 U.S.C. §§ 105(a), 362(b)(3), 546(b), and 549 authorizing the Debtors to pay certain prepetition claims of contractors, subcontractors, mechanics and materialmen (collectively, the "Materialmen") in satisfaction of perfected or potential mechanics', materialmen's or like liens against or interests in the Debtors' property, in the ordinary

---

[1]   Unless otherwise defined herein, capitalized terms shall have the meanings ascribed to them in the Motion.

course of the Debtors' business; and upon the Hutchison Declaration; and the Court having reviewed the Motion and the Hutchison Declaration and having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED AND DECREED THAT:

1. The Motion is GRANTED.

2. The Debtors are authorized to pay the prepetition claims of Materialmen arising on account of prepetition goods and repair and other services provided to the Debtors, to the extent that such claims have given or could give rise to liens against or interests in the Debtors' property (all such claims, the "Lien Claims"), on the following terms and conditions:

- i. The Debtors, in their sole discretion, shall determine which parties, if any, are entitled to payment under this Order;
- ii. If a party accepts payment under this Order, such party is deemed to have agreed to continue to provide goods and services to the Debtors,

   on as good or better terms and conditions (including credit terms) that existed 120 days before the Petition Date (the "Customary Terms"), during the pendency of these chapter 11 cases;

 iii. In the event the relationship between the party accepting payment under this Order and the Debtors does not extend to 120 days before the Petition Date, the Customary Terms shall mean the terms that the party generally extends to its customers or such terms as are acceptable to the Debtors in the reasonable exercise of their business judgment;

 iv. If a party accepts payment under this Order and thereafter does not continue to provide goods and services on at least the Customary Terms during the pendency of these chapter 11 cases, then (i) any payment on a prepetition claim received by such party shall be deemed to be an unauthorized voidable postpetition transfer under Bankruptcy Code section 549 and, therefore, recoverable by the Debtors in cash upon written request and (ii) upon recovery by the Debtors, any such prepetition claim shall be reinstated as if the payment had not been made; and

 v. Before making a payment to a party under this Order, the Debtors may, in their absolute discretion, settle all or some of the prepetition claims of such party for less than their face amount without further notice or hearing.

  3. Total payments under this Order shall not exceed $1.1 million (and $125,000 per debtor) without further order of this Court.

  4. Should the Debtors seek to recover payments under paragraph 2(iv) of this Order, nothing in this Order shall preclude a party from contesting such

3

action by making a written request (a "Request") to the Debtors to schedule a hearing before this Court. If such a Request is made, the hearing on the Request will be the next omnibus hearing date that is at least 30 days after the Debtors received the Request. The Debtors will provide notice of such hearing to the party making the Request and other interested parties in accordance with the Bankruptcy Code and the orders of this Court.

5. All banks and other financial institutions hereby are authorized and directed to receive, process, honor, and pay any and all checks issued or authorized to be paid under this Order; and such banks and financial institutions are authorized and directed to rely on the representations of the Debtors as to which checks are issued or authorized to be paid under this Order.

6. Neither the provisions contained herein, nor any actions or payments made by the Debtors under this Order, shall be deemed an assumption or adoption of any policy, program, practice, contract, or agreement, or shall otherwise affect the Debtors' rights under Bankruptcy Code section 365 to assume or reject any executory contract.

4

7.  Neither the provisions contained herein, nor any actions or payments made by the Debtors under this Order, shall be deemed an admission as to the validity of the underlying obligation or a waiver of any rights the Debtors may have to subsequently dispute such obligation on any ground that applicable law permits.

Dated:   Wilmington, Delaware
         December 9, 2003

_____
United States Bankruptcy Judge